Richard D. Lyons (SBN 020558)
Jason M. Kelly (SBN 020525)
Anoop Bhatheja (SBN 022357)
**KELLY & LYONS, PLLC**
5020 E. Shea Blvd., Ste. 150
Scottsdale, Arizona 85254
Phone: (480) 867-3410
Fax: (480) 867-3411
E-mail:        minuteentires@kellylayonslaw.com
Attorneys e-mail:    rlyons@kellylyonslaw.com
                     jkelly@kellylyonslaw.com
                     abhatheja@kellylyonslaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Calvin Jordan and Christina Jordan, husband and wife; and their adult children Toni Jordan and Calvin Jordan, Jr.; and Calvin Jordon on behalf of his minor children, Lane, Mia, and Nya Jordon, <br><br> Plaintiffs, <br><br> v. <br><br> The United States of America, <br><br> Defendant. | No. <br><br> **COMPLAINT** |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Through undersigned counsel, for his Complaint against Defendant the United States of America, Plaintiffs allege as follows:

### INTRODUCTION

1.      This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for

negligence and professional malpractice in connection with medical care provided to Plaintiffs by the Department of Veterans Affairs at the Southern Arizona VA Healthcare Facility.

2.      The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation to Calvin for injuries caused by the Defendant's negligence.

3. The Plaintiffs are Calvin Jordan, who suffered a catastrophic and disabling injury as a result of the negligent medical care described herein; his wife Christina, who has suffered a loss of consortium; and his children Toni, Calvin Jr., Lane, Mia, and Nya, who also have suffered losses of consortium. Calvin brings this claim on behalf of Lane, Mia, and Nya, who are minors.

4.      Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. His Standard Form 95 is attached hereto as "Exhibit A-G". Each and every demand for relief contained in Calvin's, Christina's, Calvin Jr.'s, Toni's, Lane's, Mia's, and Nya's Standard Form 95's are hereby reasserted.

5.      This suit has been timely filed, in that Plaintiffs timely served notice of his claims on November 14, 2022 on both the Department of Veterans Affairs and the United States Department of Justice; these agencies have not responded substantively to Plaintiff's notice of claim.

## PARTIES, JURISDICTION AND VENUE

6.      At all times relevant, Plaintiffs was a resident of Maricopa County, Arizona.

7.      Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Southern Arizona VA Healthcare Facility located in Tucson.

8.      Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Phoenix VA Medical Center

are hereinafter collectively referred to as the "Tucson VA."

9.    At all times relevant to this Complaint, the Tucson VA held itself out to Plaintiffs as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like Calvin.

10.    At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under *respondeat superior* and principles of agency.

11.    Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), as the damages claimed exceed the minimum amount in controversy of $75,000.00.

12.    Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Arizona.

## FACTUAL ALLEGATIONS

13.    As of March 28, 2020, Calvin was married to Christina and they lived a happy life with their five children.

14.    As of March 28, 2020, Calvin had a history of kidney dysfunction.

15.    On March 28, 2020, Calvin underwent kidney transplant surgery at the Tucson VA.

16.    Calvin's kidney transplant was successful and for many months his recovery was uneventful. Calvin and Christina looked forward to a long, active life together with their children.

17.    Calvin's recovery was monitored by the Oregon VA by remote technology and by the Phoenix VA.

18.    A routine blood draw revealed a slight increase in Calvin's creatine, which was a very early indication of inflammation.

19.    Standard of care treatment for early inflammation is medical therapy, and

that treatment carries a very high likelihood of success.

20. Calvin's VA medical team in both Oregon and Arizona failed to notice his increased creatine even though it was reported clearly in his medical records at the time.

21. Had Calvin's VA medical team complied with the standard of care, medical therapy likely would have preserved Calvin's kidney.

22. Because Calvin's condition was ignored by his VA medical team, in violation of the standard of care, Calvin lost the transplanted kidney during the Summer and Fall of 2021.

23. Calvin is back on the transplant list but he has new co-morbidities as a result of the VAs negligence.

24. As a result of his kidney being rejected, Calvin has suffered neuropathic injuries from the waist down, such that he is in chronic disabling pain that prevents him from working and enjoying life.

25. Calvin is functionally limited such that he presently requires attendant care, and in the future he will require attendant care and nursing/medical care, as a direct result of the VAs negligence.

26. Calvin's family, each of the named Plaintiffs, including his minor children, have suffered a loss of consortium such that Calvin cannot be present physically, mentally, or emotionally as a husband and father.

## CAUSES OF ACTION

### COUNT I — NEGLIGENCE

27. Plaintiffs incorporate each and every allegation above as if fully set forth herein.

28. The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

29.     The Defendant, through its agents and employees, breached its duty of care to Calvin.

30.     By failing to correctly read a simple blood draw and provide routine medical therapy, Defendant, through its agents and employees, failed to exercise that degree of care, skill and learning expected of a reasonable, prudent healthcare provider in the profession or class to which he or she belongs within the state acting in the same or similar circumstances.

31.     As a direct and proximate result of Defendant's failures to comply with the standard of care, Calvin has suffered catastrophic injuries and has become permanently disabled.

32.     As a direct and proximate result of Defendant's failures to comply with the standard of care, Calvin will lose the enjoyment of several decades of life with his family.

33.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Arizona.

34.     The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## COUNT II - VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

35.     Plaintiffs incorporates each and every allegation above as if fully set forth herein.

36.     At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

37.     At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

38.     The directors, officers, operators, administrators, employees, agents and

staff negligently and/or recklessly, directly and proximately caused Calvin's injuries, including both acts of omission and acts of commission.

39.     As a direct and proximate result of Defendant's negligence, Calvin will suffer a premature death.

40.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Maricopa.

41.     The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs hereby prays that judgment be entered in his favor, against the Defendant, as follows:

1)    For general damages for Calvin's pain and suffering, and for his loss of the enjoyment of several decades of life;

2)    For special damages for lost income as a result of Calvin's disability; and for the cost of attendant and medical care for the rest of his life.

3)    For a loss of consortium for each of Calvin's family members; and

4)    For costs and attorneys' fees incurred in this civil action as they may be allowable by law, together with such further and additional relief at law or in equity that this Court may deem proper.

Dated this 16th day of June, 2023.

**KELLY & LYONS, PLLC**

By:   /s/ *Jason M. Kelly*
           Richard D. Lyons
           Jason M. Kelly
           Anoop Bhatheja
           *Attorneys for Plaintiffs*

### **CERTIFICATE OF SERVICE**

I hereby certify that on June 16th, 2023, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and emailed a copy to:

*By:* _Corey L. Myers_